UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KAI LIANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. CITIZENSHIP AND IMMIGRATION ) <br> SERVICES, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 24-1690 (RJL) |

MEMORANDUM OPINION
(September 22, 2025) [Dkt. #12, Dkt. #13]

Plaintiff Kai Liang ("plaintiff" or "Liang") filed this action against United States Citizenship and Immigration Services ("USCIS"), Alissa L. Emell, Chief of the Immigrant Investor Program Office, Alejandro N. Mayorkas, Secretary of the U.S. Department of Homeland Security, and the United States of America (collectively "defendants" or "the Government"). Because the Court lacks jurisdiction to hear Liang's claims, I will **GRANT** defendants' Motion to Dismiss and Motion for Relief from Local Rule 7(n)(1).

I.     **STATUTORY AND REGULATORY BACKGROUND**

USCIS is authorized to issue visas "to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise." 8 U.S.C. § 1153(b)(5). To qualify for a visa under the EB-5 program, the noncitizen must: (1) make a minimum investment in a new commercial enterprise that satisfies certain statutory and

regulatory conditions; and (2) establish that the new commercial enterprise will directly create full-time employment for not fewer than ten qualifying employees. DHS, EB-5 Immigrant Investor Regional Center Program, 82 Fed. Reg. 3211, 3212 (Jan. 11, 2017).

To participate in the EB-5 program, the prospective immigrant investor must first file a Form I-526 petition. If the Form I-526 petition is approved, the noncitizen and his immediate family members receive conditional lawful permanent resident status. 8 U.S.C. § 1186b(a). Then, approximately two years after obtaining conditional lawful permanent resident status, the noncitizen may file a Form I-829 petition to have the conditional nature of his lawful permanent resident status removed. 8 C.F.R. § 216.6(a)(1). USCIS will approve or deny a Form I-829 petition based on whether the noncitizen investor complied with the relevant requirements. 8 U.S.C. § 1186b(c)–(d); 8 C.F.R. § 216.6(c)–(d). Upon the denial of a Form I-829 petition, "USCIS will provide written notice to the investor of the decision and the reason(s) therefore, and shall issue a notice to appear." 8 C.F.R. § 216.6(d)(2). Further, the denial of the petition will result in the automatic termination of the noncitizen's lawful permanent resident status, along with that of the noncitizen's derivative family members. *Id.*

The denial of a Form I-829 petition cannot be appealed. *Id.* However, the petitioner may file a Form I-290B motion to reopen or reconsider the decision. 8 C.F.R. § 103.5. Further, a noncitizen whose permanent resident status is terminated may seek review of the decision in removal proceedings. 8 C.F.R. § 216.6(d)(2).

## II.     FACTUAL BACKGROUND

Plaintiff Kai Liang is a citizen of China who filed an I-526 petition with USCIS in October 2013. Complaint ("Compl.") ¶ 2 [Dkt. #1]. Liang's petition was approved in May 2015, and he—along with his wife and child—were granted conditional lawful permanent resident status in March 2016. *Id.* In March 2018, Liang filed an I-829 petition to remove the condition on his lawful permanent resident status. *Id.* USCIS issued a Request for Evidence in June 2019, seeking more detailed information about plaintiff's investment project. *Id.* Liang submitted his response in September 2019. *Id.* In May 2023, USCIS issued a Notice of Intent to Deny ("NOID") based on concerns about the source of plaintiff's invested capital. *Id.* In June 2023, plaintiff submitted a response to the NOID. *Id.* ¶ 3. In February 2024, USCIS denied plaintiff's I-829 petition. *Id.* The decision explained that the petition was denied "due to evidence of misrepresentation" regarding Petitioner's employment and the funds used to secure his EB-5 investment. *Id.* ¶¶ 2–3.

After USCIS's denial of Liang's I-829 petition, plaintiff filed a Form I-290B motion with USCIS requesting that the decision be reconsidered. *See* Motion to Dismiss ("Defs.' Mot.") Ex. A [Dkt. #12-1]. The motion was dismissed on August 22, 2024. *Id.*

Plaintiff filed this suit on June 11, 2024. He brought three claims under the Administrative Procedure Act ("APA"). The first count alleges that USCIS acted arbitrarily and capriciously by failing to consider the evidence that plaintiff presented in response to its NOID. Compl. ¶ 50. The second count alleges that USCIS's revocation of plaintiff's I-526 petition was erroneous and unsupported by the facts in violation of 5 U.S.C. § 706(2)(F). *Id.* ¶ 52. And the third count alleges that the USCIS's revocation of

3

plaintiff's I-526 petition was erroneous as a matter of law in violation of 5 U.S.C. § 706(2)(A). *Id.* ¶ 54. Plaintiff asks the Court to order USCIS to issue a new decision reinstating the revoked I-526 petition.

On July 2, 2025, the Department of Homeland Security issued a Notice to Appear in removal proceedings to plaintiff's spouse and child. *See* Def.s' Mot. Ex. B [Dkt. #1-2]. Plaintiff himself did not receive a Notice to Appear because he is no longer living in the United States. *See id.* Ex. C [Dkt. #1-3].

On October 16, 2025, defendants moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. #12]. They also filed motion for relief from Local Rule 7(n)(1), which requires them to file a certified list of the contents of the administrative record. [Dkt. #13]. Both motions are now ripe.

### III.   LEGAL STANDARD

Rule 12(b)(1) "requires courts to dismiss any case over which they lack subject-matter jurisdiction." *Joorabi v. Pompeo*, 2020 WL 2527209, at *3 (D.D.C. May 17, 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "[t]he plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian v. Pompeo*, 2020 WL 674778, at *2 (D.D.C. Feb. 11, 2020) (quoting *Didban v. Pompeo*, 435 F. Supp. 3d 168, 174 (D.D.C. 2020)). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts

alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

## IV. DISCUSSION

The Government argues that this Court lacks subject matter jurisdiction over the case because removal proceedings have commenced against Liang's wife and child, whose permanent resident status was derivative of plaintiff's. Defs.' Mot. at 9–11. I agree.[1]

Two sections of the Immigration and Nationality Act preclude district court review of Liang's claims. Title 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals…shall be the sole and exclusive means for judicial review of an order of removal," and § 1252(b)(9) consolidates "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien" into "judicial review of a final order." "Taken together, these two subsections streamline all issues arising from removal proceedings into a petition for review that must be filed with a court of appeals after a final order of removal from the BIA." *Vetcher v. Sessions*, 316 F. Supp. 3d 70, 76 (D.D.C. 2018) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1033 (9th Cir. 2016)).

Plaintiff argues that these provisions are not applicable because he is not challenging the initiation of removal proceedings against his wife and child. Plaintiff's Opposition Br.

---

[1] Defendants make an additional jurisdictional argument, contending that plaintiff lacks standing. Defs.' Mot. at 5–7. But having found that the Court lacks jurisdiction for another reason, I need not address the standing argument. *Skewes-Cox v. Georgetown Univ. L. Ctr.*, 2025 WL 1099211, at *4 (D.C. Cir. Apr. 14, 2025) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999)). Similarly, I will not address defendants' arguments that plaintiff failed to state a claim pursuant to Rule 12(b)(6).

at 8 [Dkt. #14]. But contrary to plaintiff's assertions, this Circuit has held that § 1252(a)(5) and (b)(9) extend beyond challenges to the final removal order itself. *Meza*, 9 F. 4th at 933 ("Meza's only contention about the scope of section 1252(b)(9)—that it applies only where an alien seeks to set aside the removal order itself—is thus mistaken."). Indeed, courts in this jurisdiction and others have construed the reach of § 1252 remarkably broadly. "[T]he INA's judicial review mechanism, 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9), 'is broad in scope' and was 'designed to consolidate *all* legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeal." *J.E.F.M.*, 837 F.3d at 1030 (quoting *Aguilar v. ICE*, 510 F.3d 1, 9 (1st Cir. 2007)). "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed only through the [Petition for Review] process." *Id.* at 1031. "Regardless of how it is framed, when a claim by an alien challenges an agency determination that is 'inextricably linked' to a removal order, § 1252(a)(5) prohibits it from being heard in district court." *Chen v. Rodriguez*, 200 F. Supp. 3d 174, 181 (D.D.C. 2016) (citing *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012)).

This Court does not have jurisdiction to decide Liang's APA claims because they are "inextricably linked" to issues of law and fact that will be central to the removal proceedings that have already been initiated against Liang's wife and child. The I-829 petition denial that Liang challenges here is the same agency action that prompted the issuances of the Notices to Appear to Liang's wife and child. 8 C.F.R. § 216.6(d)(2). Indeed, the Notices to Appear *explicitly state* that the Liang family members' permanent

resident status was "terminated because the principal's Form I-829 was denied by USCIS." *See* Def.'s Mot. Ex. B–C. Thus, the agency action Liang challenges is "inextricably linked" with the removal proceedings that were initiated based on the I-829 denial and deprive this Court of jurisdiction. *See Jian Wang v. Wolf*, 511 F. Supp. 3d 1060, 1069 (C.D. Cal. 2021) (holding that an investor-plaintiff's APA challenge to an I-829 denial was "inextricably linked" to pending removal proceedings against plaintiff's wife, a derivative beneficiary, and that the court therefore lacked jurisdiction).

Liang's wife and child have the statutory right to seek review of the I-829 denial during their removal proceedings. 8 U.S.C. § 1186b(c)(3)(D) ("Any alien whose permanent resident status is terminated…may request a review of such determination in a proceeding to remove the alien."); *see also Hui Ran Mu v. Barr*, 936 F.3d 929, 935 (9th Cir. 2019) (holding that derivatives of alien entrepreneur have the right to seek review of I-829 denial in removal proceedings). If the immigration judge orders plaintiff's spouse and child removed, they can appeal to the Board of Immigration Appeals. If necessary, they can then seek judicial review by petitioning the appropriate Court of Appeals. *Id.*[2]

---

[2] Thus, the Court must dismiss plaintiff's claims for an additional reason: failure to exhaust existing administrative remedies. *See Jian Wang*, 511 F. Supp. 3d at 1070. "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258, 269 (1993). "In the immigration context, the pendency of removal proceedings means the applicant has not exhausted their administrative remedies and the case must be dismissed." *Jian Wang*, 511 F. Supp. 3d 1060, 1069 (C.D. Cal. 2021) (citing *Cabaccang v. U.S. Citizenship and Immigration Services*, 627 F.3d 1313, 1316 (9th Cir. 2010)). That removal proceedings are not pending against plaintiff himself—just against his wife and child—makes no difference because plaintiff's family is considered a single unit for purposes of challenging any adverse I-829 petition determination. *See id.* at 1069–70.

Finally, because the case must be dismissed for lack of jurisdiction, the Court has no need for the full administrative record. Therefore, to conserve scarce agency resources, I will also grant defendants' Motion for Relief from Local Rule 7(n)(1), which requires the defendants to file a certified list of the contents of the administrative record. *See, e.g., Akbar v. Cuccinelli*, 2020 WL 1287817, at *4 (D.D.C. Mar. 18, 2020).

## V.   CONCLUSION

For the reasons stated above, the Court will **GRANT** the Government's Motion to Dismiss without prejudice. I will also **GRANT** the Government's Motion for Relief from Local Rule Requiring the Filing of the Administrative Record. An Order consistent with the above accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge